934 F.2d 320
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Eugene NICHOLSON, Defendant-Appellant.
 No. 90-5189.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1991.
Decided June 5, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Hiram H. Ward, Senior District Judge. (CR-89-96-G, CR-89-289-G, CR-89-290-G, CR-89-291G, CR-90-93-G)
 Susan Hayes, Greensboro, N.C., (Argued), for appellant; Charles L. White, II, Walker, Warren, Blackmon, Younce, Dowda, White, Cooke & Tisdale, Greensboro, N.C., on brief.
 John Warren Stone, Jr., Assistant United States Attorney, Greensboro, N.C., (Argued), for appellee; Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., on brief.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL, Circuit Judge, JAMES C. HILL, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 On May 21, 1990, Larry Eugene Nicholson was sentenced to concurrent terms of 120 months imprisonment, based on his guilty pleas to seven counts of bank robbery. In making the sentencing determination, the trial court made an upward departure from the Sentencing Guidelines. On appeal, Nicholson challenges only this upward departure. Finding no error in the sentencing court's determination, we affirm.
 
 I.
 
 2
 Between December 22, 1988, and February 21, 1989, the defendant robbed seven banks. The robberies occurred at approximately one-week intervals. Three of the robberies were of banks in Fayetteville, North Carolina, and the other four involved banks in Greensboro, North Carolina.
 
 
 3
 The robberies shared similar characteristics. During each robbery the defendant presented a note which told the victims that the defendant had a gun and that he would either "blow the victim's face off" or that they would be dead in a matter of seconds, unless cooperation was given.
 
 
 4
 The defendant was subsequently arrested and indicted under 18 U.S.C. Sec. 2113(a) for all of the robberies. The three Fayetteville robberies were indicted in the Eastern District of North Carolina and transferred to the Middle District under Rule 20 of the Federal Rules of Criminal Procedure. Guilty pleas were then received on all of the pending indictments.
 
 II.
 
 5
 The United States Probation Office determined the total offense level to be 25, and the criminal history category to be level I. The range for this category is 57 to 71 months.
 
 
 6
 At sentencing, the court departed from the Guidelines pursuant to 18 U.S.C. 3553(b). The court found that a level 30 was warranted based on two aggravating factors which were not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The aggravating factors were the death threats contained in the demand notes, and the number of robberies that the defendant had committed.
 
 III.
 
 7
 The review of a Guidelines departure requires a two-prong analysis:
 
 
 8
 The first prong of the test initially requires a determination that a particular aggravating or mitigating circumstance was not adequately taken into consideration by the Sentencing Commission. ... Then, if the District Court identifies one or more aggravating or mitigating circumstances not adequately taken into consideration, it may depart from the sentencing guidelines range only if it further determines that because of the circumstance a sentence different from the guidelines sentence should result.
 
 
 9
 United States v. Summers, 893 F.2d 63, 65-66 (4th Cir.1990).
 
 
 10
 The first issue under review is whether these aggravating factors were adequately incorporated by the sentencing guidelines. We affirm the trial court's finding that they were not.
 
 
 11
 The use of a death threat is not incorporated in the base offense of robbery. The Guidelines section dealing with robbery was, in fact, later amended to cause a two-level increase where a death threat was made. See U.S.S.G. Sec. 2B3.1 (Nov.1990). The fact of this amendment corroborates the conclusion of the district court that the Sentencing Commission had not adequately incorporated this aggravating factor in the base offense.
 
 
 12
 The number of robberies which Nicholson committed is also not adequately represented in the Guidelines. The total offense level of 25, as determined by the Probation Office, did include an enhancement based on the multiple offenses. However, the table for determining the appropriate enhancement concludes at only "more than 5" additional offenses. See U.S.S.G. Sec. 3D1.4. Since appellant committed seven offenses, the trial court properly found this to be an aggravating factor.
 
 
 13
 The second prong of the departure analysis is whether the aggravating factors warrant departure. An "abuse of discretion" standard is appropriate when reviewing a trial court's determination that aggravating factors warranted departure, and the degree of that departure. Summers, at 67. We conclude that it was not an abuse of discretion to depart based on the aggravating factors present in Nicholson's case. The use of death threats would have caused a two-level increase in the Guidelines' score on each of the robberies had they been committed under the now-amended version of Sec. 2B3.1. Furthermore, the multiple-offense computation table adds approximately one level for each offense committed. By these increases, the Sentencing Commission has shown that the aggravating factors here involved are significant enough to warrant increased periods of incarceration. A departure from the Guidelines was appropriate, and the five-level departure was not unreasonable.
 
 Accordingly, the sentence is
 
 14
 AFFIRMED.